IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CRUSO R. WALLACE,

        Petitioner,

v.                                        CIVIL ACTION NO.  5:04-cv-00732
                                         (CRIMINAL ACTION NO. 5:02-cr-00101-3)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's Motion for Reconsideration [Docket 253] of this Court's Memorandum Opinion and Judgment Order entered June 18, 2007. For the reasons stated herein, the motion is **DENIED**.

In its June 18, 2007 Judgment, the Court overruled Petitioner's objections to Magistrate Judge Stanley's Proposed Findings and Recommendation [PF&R] recommending the denial of Petitioner's 28 U.S.C. § 2255 filing. Petitioner has timely moved for the Court to reconsider its Judgment pursuant to Fed. R. Civ. P. 59(e).

Rule 59(e) provides that "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." Although Rule 59(e) does not provide a standard for reconsideration motions, the Fourth Circuit has recognized three grounds for amending a previous judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir. 1993). Motions made pursuant to Rule 59(e)

"may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under novel legal theory that the party had the ability to address in the first instance." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998). Furthermore, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.*

Upon consideration of Petitioner's motion, he has cited no intervening changes in controlling law. Nor has Petitioner brought forward any relevant "new evidence." Finally, the Court does not find that its Judgment contains any clear errors of law or is manifestly unjust. Rather, Petitioner's motion states that because he is *pro se*, he should be excused from having failed to have presented the bases for his 28 U.S.C. § 2255 motion until <u>after</u> the magistrate judge filed her PF&R. As the Court stated in its Memorandum Opinion, this failure was fatal to Petitioner's claim, and will not excused because Petitioner is *pro se*.

Based on the above, the Court **DENIES** Petitioner's Motion for Reconsideration [Docket 253]. The Clerk is directed to send copies of this Order to all counsel of record and any unrepresented party.

    ENTER:    July 5, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE