IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CRUSO R. WALLACE,

           Petitioner,

v.                                      CIVIL ACTION NO. 5:04-cv-00732
                                      (Criminal No. 5:02-cr-00101)

UNITED STATES OF AMERICA,

           Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending are Petitioner Cruso R. Wallace's Motion to Reconsider the District Court's Order of July 5, 2007 Denying Petitioner's Motion to Reconsider the Denial of His Original 2255 Motion Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [Docket 255] and Motion for Leave to Amend to Relate Back to Petitioner's Original § 2255 Pursuant to Federal Rule of Civil Procedure 15(c)(2) [Docket 256]. For the reasons stated below, these motions are **DENIED**.

Petitioner's motions are found in a rather unusual procedural posture—after judgment and appeal. Petitioner filed a petition pursuant to 28 U.S.C. § 2255 on June 19, 2004 and a supplemental amendment on April 14, 2005. This Court entered a Judgment Order dismissing the § 2255 petition on June 18, 2007, and denied a subsequent motion to reconsider on July 6, 2007. On July 16, 2007, Petitioner filed a notice of appeal of the Judgment Order and of the Order denying his motion to reconsider. On the same date Petitioner filed a second motion to reconsider, which is presently pending. His motion to amend the original petition, which is also pending, was filed shortly after

the notice of appeal. The Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal on February 25, 2008.

Petitioner's first motion asks the Court to reconsider its Memorandum Opinion and Order of July 5, 2007, in which the Court denied a prior motion to reconsider. The prior motion to reconsider was addressed in an unpublished Court of Appeals opinion dated February 21, 2008. The Court of Appeals found that Petitioner had not demonstrated that "any assessment of the constitutional claims by the district court is debatable or wrong [or] that any dispositive procedural ruling by the district court is likewise debatable." (Docket 283 at 2.)

The Court of Appeals' standard of review on appeal, (*see id.*), is broader than this Court's standard of review on the motion to reconsider, *see Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). A motion to reconsider may be granted for any of three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* at 1081. Petitioner does not argue that there has been a change in controlling law or that new evidence is available. The Court of Appeals' finding that neither this Court's procedural rulings, nor its assessment of Petitioner's constitutional claims, are debatable obviates the need to conduct the more focused analysis of determining whether this Court's ruling was clear error or resulted in manifest injustice. Accordingly, Petitioner's motion to reconsider [Docket 255] is **DENIED**.

Petitioner's second motion seeks leave to amend his original § 2255 petition under Fed. R. Civ. P. 15(c). However, the procedural posture of this action—i.e. after judgment—dictates the disposition of the motion. This Court's discretion to permit a Rule 15 amendment "narrows considerably after entry of judgment." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000).

A post-judgment motion to amend may be granted only if the judgment has been vacated. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006); *cf. United States v. Graham*, 81 Fed. Appx. 472, 473 (4th Cir. 2003) (unpublished disposition) (construing a § 2255 petitioner's post-judgment motion to amend as a second or successive petition). The Judgment Order in this action has not been vacated by this Court or by the Court of Appeals. Thus, Petitioner's motion to amend [Docket 256] is **DENIED**.

    **IT IS SO ORDERED**.

    The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    November 3, 2008

    THOMAS E. JOHNSTON
    UNITED STATES DISTRICT JUDGE